UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARJORIE M. PERO, *et al.*, *Plaintiff(s)*, <br><br> v. <br><br> CHRISTY HUFFER, *et al.*, *Defendant(s)*. | No. 3:24-cv-00795 (VAB) |

**RULING AND ORDER ON MOTION TO DISMISS**

Marjorie M. Pero ("Ms. Pero") and Joseph Mincewicz ("Mr. Mincewicz") (collectively,

"Plaintiffs"), have sued parole officers Christy Huffer, Dianna Ball, Bethany Benak, William

Ludovico, Jr., and Nicholas Macellaro (collectively, "Defendants"). Plaintiffs, proceeding *pro se*,

claim that the Defendants violated their Eighth Amendment rights by committing assault,

kidnapping, unlawful restraint, and obstruction of justice. *See* Civil Rights Compl., ECF No. 1

(Apr. 29, 2024) ("Compl."); *see also* Am. Compl., ECF No. 11 (May 22, 2024) ("Am.

Compl.").[1]

Defendants have moved to dismiss the case under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Defs.' Mot. to Dismiss Pls.' Am. Compl., ECF No. 27 (Sept. 24, 2024) ("Mot.").

---

[1] In their Amended Complaint, Plaintiffs sought to add one paragraph to their original complaint. The additional paragraph reads: "All named Defendants named herein, has violated (and/or conspired) both plaintiffs civil Rights Protected under the 8th Amendment(s) to the U.S. Constitution, by committing: (1) Assault, (2) Kidnapping, (3) Unlawful restraint, (4) Obstruction of Justice. For Mental, Emotional and Physical Pain and Suffering." Am. Compl. 1. The Amended Complaint was filed twenty-three days after the Complaint. Because the Court must construe Plaintiffs' *pro se* filings liberally, *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (*Pro se* complaints "must be construed liberally and interpreted to raise the strongest arguments that they suggest." (citations omitted)), the Court will consider the Amended Complaint incorporated into the Complaint. *See* Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course no later than: 21 days after serving it . . ."); *see also Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

For the following reasons, Defendants' motion to dismiss is **GRANTED**, and the Amended Complaint is dismissed without prejudice.

To the extent that the Plaintiffs can remedy the deficiencies identified in this Ruling and Order, they may seek leave to file a Second Amended Complaint by **November 14, 2025**.

Failure to file a Second Amended Complaint by **November 14, 2025**, will result in the dismissal of this case with prejudice.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Allegations

On December 4, 2023, around 10:30 a.m., Ms. Pero, while at home, allegedly heard a knock on the front door, and went to answer it. Compl. ¶ 2. Upon Ms. Pero opening the door slightly, Ms. Huffer allegedly pushed the door open, and hit Ms. Pero in the face. *Id.*

All of the Defendants allegedly then entered the home and asked to speak with Mr. Mincewicz, who was allegedly on parole and living with Ms. Pero. *Id.* ¶ 3. Ms. Pero allegedly explained to the Defendants that Mr. Mincewicz was at work and not at home. *Id.* Ms. Huffer allegedly forced Ms. Pero into a small room inside the house and allegedly refused to allow Ms. Pero to leave until the Defendants searched the home. *Id.* ¶ 4. Defendants then allegedly searched the house and did not find Mr. Mincewicz. *Id.* ¶ 5. Ms. Huffer then allegedly ordered Ms. Ball and Ms. Benak to keep Ms. Pero locked in the room until Ms. Huffer located Mr. Mincewicz at work. *Id.* ¶ 5. Plaintiffs allege that Ms. Ball and Ms. Benak kept Ms. Pero in the room for over an hour despite her pleas to leave. *Id.* ¶ 6.

Around 11:35 a.m., Mr. Mincewicz allegedly arrived at the house. *Id.* ¶ 7. Upon his arrival, Ms. Ball and Ms. Benak allegedly tackled Mr. Mincewicz, handcuffed him, searched

him, and slammed him into a chair, which allegedly resulted in injuries to his arms, wrists, and lower back. *Id.* ¶ 7. After hearing the alleged interaction between Mr. Mincewicz and the two Defendants, Ms. Pero allegedly forced her way out of the room where she was allegedly being held and asked the Defendants about the situation. *Id.* ¶ 8. The Defendants allegedly did not answer her questions. *Id.*

Plaintiffs allege that Mr. Ludovico and Mr. Macellaro were present at all times, allegedly witnessed these events, and allegedly did not stop the other Defendants' actions. *Id.* ¶ 9.

### B. Procedural History

On April 29, 2024, Ms. Pero and Mr. Mincewicz filed their Complaint, *pro se*, against all Defendants. Compl. Each plaintiff seeks $200,000 from each individual defendant. *Id.* at 3.

On May 22, 2024, Plaintiffs amended their Complaint. Am. Compl.

On September 24, 2024, Defendants filed a motion to dismiss the Amended Complaint and an accompanying memorandum of law. Mot.; Mem. in Supp. of Mot. to Dismiss, ECF No. 27-1 (Sept. 24, 2024) ("Mem.").

On November 8, 2024, Plaintiffs filed their Objection to the Motion to Dismiss, along with an accompanying memorandum of law. Pls' Reply to Def.'s Mot. to Dismiss, ECF No. 36 (Nov. 8, 2024); Pl.'s Mem. of Law in Supp. of the Obj. to Def.'s Mot. to Dismiss, ECF No. 36-1 (Nov. 8, 2024) ("Obj.").

On January 17, 2025, following the tragic death of the Honorable Judge Jeffrey Alker Meyer, the case was transferred to this Court. Order of Transfer, ECF No. 37 (Jan. 17, 2025).

## II.   STANDARD OF REVIEW

### A.  Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal] Rule [of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). The plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction over the claims. *See id.*

"When considering a motion to dismiss [under] Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000); *see also Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006). The court, however, may also resolve disputed jurisdictional issues "by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

"When the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint . . . , the plaintiff has no evidentiary burden." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). "[A] defendant is [also] permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the [p]leading." *Id.* at 57. "In opposition to such a motion, the plaintiffs will need to come forward with evidence of their own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems' in the assertion of jurisdiction." *Id.* (alteration in original) (quoting *Exch. Nat'l Bank of Chi. v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)).

### B. Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (alteration in original) (citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of N.Y.C.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

5

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

### C. Pro Se Filings

*Pro se* filings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks omitted) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants). While *pro se* complaints must be construed "liberally" and "read to raise the strongest arguments they suggest," the Court cannot "read into *pro se* submissions claims that are not consistent with the pro se litigant's allegations." *Triestman*, 470 F.3d at 476 (internal quotation marks omitted).

However, "when addressing a *pro se* complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)).

6

## III.    DISCUSSION

Plaintiffs bring a claim under the Eighth Amendment, alleging that Defendants committed assault, kidnapping, unlawful restraint, and obstruction of justice over the course of the alleged events of December 4, 2023. *See* Am. Compl. 1.

Defendants argue that Ms. Pero's claim should be dismissed because the Court lacks subject matter jurisdiction to hear this claim. Mem. 4–5. Specifically, Defendants argue that the Eighth Amendment is inapplicable to Ms. Pero because Plaintiffs have not alleged that Ms. Pero has been adjudicated guilty of any crime or is serving any sentence. *Id.* (citing *Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions. . . . [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." (alteration in original) (citations omitted))).[2]

They also argue that, should the Court construe her assault, kidnapping, unlawful restraint, and obstruction of justice as stand-alone claims, those claims must be dismissed because they are criminal offenses without a civil cause of action. *Id.* at 5. Regarding Mr. Mincewicz's claims, Defendants argue that he "fails to state an Eighth Amendment claim as

---

[2] In an abundance of caution, the Defendants also argue that, to the extent that Plaintiffs' allegations of assault, kidnapping, unlawful restraint, and obstruction of justice are construed as separate and distinct claims from their Eighth Amendment claims, that any such claims should be dismissed. *See, e.g.*, Mem. at 5 ("Assuming, *arguendo*, that this Court construes Plaintiff Pero's Kidnapping, Unlawful Restraint, Assault, and Obstruction of Justice Claims as stand-alone claims, these claims must be dismissed as they are clearly criminal offenses. There is no civil state cause of action for [these] criminal offenses . . . ."). Consistent with Plaintiffs' pleading, however, the Court construes these allegations as part of their Eighth Amendment claim. *See* Am. Compl., Request for Relief ("All named Defendants named herein has violated (and/or conspired) both plaintiffs civil Rights Protected under the Eighth Amendment(s) to the U.S. Constitution, by committing: (1) Assault, (2) Kidnapping, (3) Unlawful Restraint, (4) Obstruction of Justice."). As a result, the Court sees no reason to address them as separate and distinct claims from their underlying Eighth Amendment claims.

Kidnapping, Unlawful Restraint, Assault, or Obstruction of Justice are clearly criminal offenses

and not causes of action which may be brought under the Eighth Amendment." *Id.* at 6.

The Court agrees.

The Eighth Amendment prohibition against cruel and unusual punishment applies only to

convicted prisoners. *See Whitley v. Albers*, 475 U.S. 312, 318 (1986) ("The Cruel and Unusual

Punishments Clause 'was designed to protect those convicted of crimes,' and consequently the

Clause applies 'only after the State has complied with the constitutional guarantees traditionally

associated with criminal prosecutions.'" (citation modified) (citing *Ingraham v. Wright*, 430 U.S.

651, 664, 671 n.40 (1977))).

When an excessive force claim "arises in the context of an arrest or investigatory stop of

a free citizen, it is most properly characterized as one involving the protections of

the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 394

(1989). The Fourth Amendment guarantees "[t]he right of the people to be secure in their

persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const.

amend. IV; *see also Terry v. Ohio*, 392 U.S. 1, 9 (1968) ("[W]hat the Constitution forbids is not

all searches and seizures, but unreasonable searches and seizures." (internal quotation marks and

citation omitted)).

But a Fourth Amendment claim is only cognizable through 42 U.S.C. § 1983. *See* 42

U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or

usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected,

any citizen of the United States or other person within the jurisdiction thereof to the deprivation

of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to

the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .").

"Section 1983 opened the federal courts to private citizens, offering a uniquely federal remedy against incursions under the claimed authority of state law upon rights secured by the Constitution and laws of the Nation." *Mitchum v. Foster*, 407 U.S. 225, 239 (1972).

Plaintiffs may have valid claims that their constitutional rights were violated by persons acting under the color of state law under the Fourth Amendment, based on their allegations of Defendants' behavior at 665 West Thames Street in Norwich. But the Court declines to address the viability of any such claim, and will only do so if Plaintiffs choose to file a Second Amended Complaint. *See Melillo v. Brais*, No. 3:17-cv-520 (VAB), 2017 WL 6540028, at *4 (D. Conn. Dec. 21, 2017) ("The Court declines to address whether Plaintiffs had a reasonable expectation of privacy in their garage, however, because the Complaint has not alleged facts under Section 1983—the appropriate avenue for relief here.").

Accordingly, the Defendants' motion to dismiss the Complaint will be granted, because neither Ms. Pero nor Mr. Mincewicz is a convicted prisoner, but the Court grants Plaintiffs leave to amend the Complaint because Plaintiffs have alleged facts that indicate that "a valid claim might be stated," under a different legal theory. *See Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) ("'[A] *pro se* complaint is to be read liberally' and 'should not [be] dismiss[ed] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999))); *cf. Cohen v. Rosenthal*, 3:15-cv-01043 (CSH), 2017 WL 3485504, at *5 (D. Conn. 2017) (dismissing with prejudice where "[e]ven under a liberal reading of the Second Amended Complaint, it does not appear that Plaintiff could state any valid claim").

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED,** and the

Amended Complaint is dismissed without prejudice.

To the extent that Plaintiffs can remedy the deficiencies identified in this Ruling and

Order, they may seek leave to file a Second Amended Complaint by **November 14, 2025**.

Failure to file a Second Amended Complaint by **November 14, 2025** will result in the

dismissal of this case with prejudice.


**SO ORDERED** at New Haven, Connecticut, this 30th day of September, 2025.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE